POOR RICHARD'S INC. and Richard
A. Wybierala, Plaintiffs,

v.

RAMSEY COUNTY, MINNESOTA,
Defendant.

Civ. No. 4–95–306.

United States District Court,
D. Minnesota,
Fourth Division.

June 4, 1996.

Robert Edward Cattanach, Steven M. Christenson, Alexandra B. Klass, Dorsey & Whitney, Minneapolis, MN, for plaintiffs.

Harry Delaney McPeak, Darwin J. Lookingbill, Ramsey County Atty. Office, St. Paul, MN, Clifford M. Greene, John M. Baker, Jessica S. Ware, Greene Espel, Minneapolis, MN, for defendant.

## ORDER

DOTY, District Judge.

This matter is before the court on plaintiffs' petition for final approval of an award of attorney fees. By order dated March 28, 1996, the court conditionally granted plaintiffs' motion for attorney fees pursuant to 42 U.S.C. § 1988, pending plaintiffs' submission of supporting documentation. Plaintiffs timely submitted an affidavit and detailed invoices. Plaintiffs request $40,379.01 as a reasonable attorney fee. Defendant Ramsey County opposes plaintiffs' petition. Ramsey County argues that an interim award is inappropriate and that any award must be substantially reduced to reflect effort expended on counts which were dismissed and because the fee request is excessive given opportunities that plaintiffs missed to benefit from economies of scale. The court approves the fees requested.

As a prevailing party on their section 1983 claim, plaintiffs are entitled, in the discretion of the court, to a reasonable attorney fee. 42 U.S.C. § 1988. Although an award of attorney fees to a prevailing party in Commerce Clause litigation may not always be appropriate, see *Pioneer Military Lending, Inc. v. Manning*, 2 F.3d 280, 285 n. 4 (8th Cir.1993), the court has made its determination that an award of attorney fees is appropriate in this case in light of the substantial relief obtained as well as the novelty and complexity of the issues presented. The court sees no reason to delay an award of attorney fees. The court next addresses the reasonableness of plaintiffs' request.

There is no precise formula for determining a reasonable fee. The court begins with the hours expended multiplied by a reasonable hourly rate. Ramsey County objects, however, to recovery of the entire lodestar amount. First, Ramsey County argues that an adjustment must be made for efforts expended on unsuccessful claims, specifically counts IV, V, VI and VII of plaintiffs' complaint which were dismissed. While Ramsey County correctly cites the rule of law, the court finds that no adjustment is necessary. Here, the efforts expended on claims which the court dismissed were very minimal. Plaintiffs asserted the same claims and arguments that were advanced and dismissed in the *Oehrleins* action. According to plaintiffs, this was done for purposes of appeal only. Plaintiffs advanced these arguments efficiently by merely recycling, almost verbatim, the arguments previously asserted. Although Ramsey County may have spent additional efforts addressing these claims, it is clear by the hours logged by plaintiffs' counsel in drafting their memorandum, and the court's familiarity with all of the briefs submitted in these matters, that plaintiffs did not.

Ramsey County also asserts that a reduction is necessary because plaintiffs' failed to take advantage of the savings possible due to the fact that counsel for plaintiffs represented the plaintiffs in the *Oehrleins* matter. Plaintiffs counter with the fact that not only is this argument incorrect, the savings that was gained justifies a lodestar enhancement. Although not warranting an enhancement, it cannot be disputed after a review of the invoices submitted that plaintiffs did benefit from the expertise that their counsel gained in litigating the *Oehrleins* matter. The only hours billed were those unique to this litigation: researching Ramsey County's designation ordinance, discussions with counsel for Ramsey County, discussions with plaintiff Richard Wybierala, preparation of matters submitted in this litigation and preparation for oral argument. Noticeably absent are countless hours spent researching the complex Commerce Clause issues that are at the heart of this litigation, a doubtless benefit of the knowledge gained in litigating the *Oehrleins* matter.

Ramsey County also appears to object to $1,340.26 in disbursements that plaintiffs seek. Without citation to any authority, Ramsey County claims these are uncompensable. The court disagrees. Reasonable out-of-pocket expenses of the kind normally charged to clients are part of an attorney fee. *Pinkham v. Camex, Inc.*, 84 F.3d 292 (8th Cir.1996). Plaintiffs' expenses are reasonable and recoverable.

Based on the foregoing, and considering the degree of success obtained, plaintiffs' request is reasonable. Accordingly, IT IS **HEREBY ORDERED** that plaintiffs shall receive as a reasonable attorney fee $39,-

038.75, plus $1,340.26, for a total fee of $40,-379.01.